**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1867**

BUILDERS MUTUAL INSURANCE COMPANY,

       Plaintiff – Appellant,

    v.

ALI ERGUL; ARC CONSTRUCTION, LLC,

       Defendants – Appellees,

    and

ARC CONSTRUCTION, INC.,

       Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:15-cv-00406-AJT-JFA)

Submitted: April 29, 2016         Decided: May 11, 2016

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges

Affirmed by unpublished per curiam opinion.

Danny M. Howell, Michael T. Marr, Sarah A. Bucovetsky, SANDS ANDERSON PC, McLean, Virginia, for Appellant. Joseph F. Cunningham, Aaron J. Cheatham, CUNNINGHAM & ASSOCIATES, PLC, Arlington, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Builders Mutual Insurance Company appeals the district court's order dismissing its complaint for a declaratory judgment that it has no duty to defend the Appellees in an underlying action related to construction work performed by the Appellees under an insurance policy issued by Builders Mutual. We review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). Under Virginia law, "the duty of an insurer to defend an insured . . . is broader than its obligation to pay or indemnify its insured." Fuisz v. Selective Ins. Co. of Am., 61 F.3d 238, 242 (4th Cir. 1995) (internal quotation marks omitted). "Determination of whether an insurer has a duty to defend requires examination of (1) the policy language to ascertain the terms of the coverage and (2) the underlying complaint to determine whether any claims alleged therein are covered by the policy." Id.

Courts must construe policy terms in favor of the insured. Fuisz, 61 F.3d at 242. Therefore, "exclusions from coverage are enforceable only when the exclusions unambiguously bring the particular act or omission within its scope." Fuisz, 61 F.3d at 242 (internal quotation marks omitted); see Copp v. Nationwide

3

Mut. Ins. Co., 692 S.E.2d 220, 223 (Va. 2010) ("Language in a policy purporting to exclude certain events from coverage will be construed most strongly against the insurer."). Therefore, if a pleading sets forth any set of facts and circumstances which, if proved, would fall within the risk covered by the policy, the insurer has a duty to defend. Fuisz, 61 F.3d at 242 ("If a complaint, however ambiguous, may be read as premising liability on alternative grounds, and either ground states liability potentially or arguably covered by the policy, the insured is entitled to a defense.").

We have reviewed the record and found no reversible error.[*] Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

---

[*] We note that the district court, as it stated in open court, in determining that none of the challenged exclusions to coverage applied, did not rule on the application of the hazardous properties of lead exclusion or the total pollution exclusion of the policy.

4